Totten, J.,
delivered the opinion of the court.
The action is trover in the court of common law and chancery at Memphis, for the conversion of a negro slave. The judgment was for the plaintiff, and defendant has appealed in error to this court.
The plaintiff sues as administrator of Hugh J. Lemons, deceased, upon his own possession, and for a conversion oí the slave, since the death of said intestate. He avers his appointment as administrator, and makes profert of his letters, as is stated in the declaration, but they do not appear in the record, and were not given in evidence at the trial. The defence was made under the general issue, no other plea being filed. It appears in the proof, that the slave was the property of one Brockett, and the plaintiff’s intestate. That after the death of said intestate, the slave was sold by Brockett and one Col-linsworth, to defendant, who afterwards disposed of the slave in the State of Mississippi.
Now, upon this state of the case, it is argued that the plain *557 tiff's title to a recovery, if any he have, docs not appear ; because his letters of administration were not given in evidence, and he had no actual possession of the slave at the time of the conversion.
Where the plaintiff must sue in his representative character, and make profect of his letters, the plea of the general issue, as in trover or assumpsit, is an admission of his right to the character assumed; if the defendant would contest it, he must put the fact in issue by his plea of ne unques executor or administrator. This is the settled rule, where the cause of action accrued in the life-time of the testator or intestate. But where it accrued after his decease, the rule of practice seems to be involved in some conflict of decision. Thynne vs. Protheroe, 2 M & S., 553; Watson vs. King, 4 Campb. 272; Hunt vs. Stephens, 3 Taunt., 113; McKennie vs. Riddle, 2 Dali., 100; Champlin vs. Tilly, 3 Day’s R., 303; 2 Saund. R., 47 R., note; 1 Will, on Ex., 242.
Upon principle, it should seem that the rule of practice before stated should be uniform, and apply in the'same manner to cases where the cause of action originated after the decease of the testator or intestate. But as the question does not, as we think, arise in the present case, it is not material that we go into its discussion or determine it.
The case is not one, as it is assumed, of constructive possession; because the plaintiff and Brockett were tenants in common of the slave, and the possession of the one was the possession of the other.
Now, where the executor or administrator has the actual possession of a chattel when it is taken or converted, that is prima facie evidence of his title in replevin, trespass or trover, for the recovery of the chattel or its value. 1 Will. on. Ex. 243.
The plaintiff, by his co-tenant, having such possession, his title was j)vima facie valid ; and as no proof was offered in de-fence to remove this presumption, it was not necessary that *558 he produce any more conclusive evidence of his right to the property.
It was made a question in the case, whether the slave was purchased by one John Cheek or the defendant, and this person was called as a witness to prove that the defendant was not the purchaser. On cross-examination, the plaintiff asked the witness, “whether he had ever stated to any one at any time, that he purchased the negro for defendantand the witness answered that he had not. Plaintiff then introduced one Webb as a witness, and asked him, “ whether he had ever heard John Cheek say that he purchased the negro for defendant, as his agent.” The defendant objected, but the witness was permitted to answer, and he answered that he had heard the witness say, that he purchased the slave for defendant and sold him for a profit. This evidence was incompetent, either to impeach defendant’s witness, or as proof in the cause.
To ask a witness if he had made a given statement to any person, at any time, is too vague and indefinite. His attention should be called to the time and occasion, when it is supposed the statement was made; otherwise a denial will be as likely to result from a want of memory as a want of truth, and it should be considered as no just or reasonable test of his credit as a witness. Plis mind being drawn directly to the occasion of the supposed conversation or statement, as by naming time, place and person, his denial, if untruly made, should be deemed as wilful, and would go far to impeach his credit. Nor was the statement or admission of the witness to be taken as evidence against the defendant, unless it was made while acting as agent for defendant, and in the performance of the agencjq which is not pretended.
The judgment will be reversed, and the cause remanded.